Rose FOBAR (Vonderahe), Appellant
(Respondent Below),

v.

Anthony M. VONDERAHE, Appellee
(Petitioner Below).

No. 34S05–0204–CV–228.

Supreme Court of Indiana.

July 1, 2002.

Mark Small, Indianapolis, Indiana, Attorney for Appellant.

Scott P. Sullivan, Kokomo, Indiana, Attorney for Appellee.

**ON PETITION TO TRANSFER**

BOEHM, Justice.

In this marriage dissolution case, the Court of Appeals found the trial court abused its discretion and instructed the trial court to deviate from a 50–50 property division to the extent necessary to reflect the value of one spouse's inherited and non-commingled interest in property.

*Fobar v. Vonderahe*, 756 N.E.2d 512, 523 (Ind.Ct.App.2001). We hold that a trial court's discretion in dividing property in a dissolution is to be reviewed by considering the division as a whole, not item by item. So viewed, the trial court's 50–50 division was within its discretion.

### Factual and Procedural Background

Rose Fobar Vonderahe and Anthony Vonderahe were married in 1983, and Anthony filed a Petition for Dissolution of Marriage in 1999. The couple jointly owned their marital residence, and Rose and Anthony each individually owned rental real estate acquired before the marriage. In addition, Rose owned a one-half interest in real estate in Buffalo, Indiana that was inherited from her first husband after a fatal automobile accident. Rose's only daughter, Robin, inherited the other half of the Buffalo property.

The trial court included Rose's one-half interest in the Buffalo real estate as marital property. After a three-day hearing, at Rose's request, the court entered findings of fact and conclusions of law. The court divided the marital estate nearly equally, 50.7% to Anthony, 49.3% to Rose.

Rose appealed, claiming that the trial court was required to set aside her interest in the Buffalo property to her. The Court of Appeals agreed and remanded the case to the trial court with instructions to "enter a property division decree that deviates from a 50/50 division of property in favor of [Rose] to the extent necessary to reflect the value of her interest in the Buffalo property."[1] 756 N.E.2d at 523. Anthony sought transfer, arguing that the Court of Appeals did not apply the proper standard of review. This Court granted transfer in a previous order dated April 5, 2002.

### Standard of Review of a Property Division

Property owned by either spouse before the marriage is included in the marital estate and subject to division and distribution. Ind.Code § 31–15–7–4 (1998). Indiana law requires that marital property be divided in a "just and reasonable manner," *id.*, and provides for the statutory presumption that "an equal division of the

---

1. On appeal, Rose raised several other issues. She contended: (1) the divorce decree was void due to a jurisdictional defect caused by the trial court's failure to strictly comply with Howard Local Rule 16(B), which requires the filing of financial disclosure forms by the parties to a dissolution proceeding; (2) the findings of fact and conclusions of law do not support the trial court's award of attorney's fees to Anthony; and (3) the trial court erred in including horses and automobiles Rose claimed were owned by her daughter. The Court of Appeals held that: (1) any error relating to the trial court's failure to abide by Howard Local Rule 16(B) was waived by Rose's failure to object timely; (2) the trial court's sole reference to Rose's "conduct" during the course of litigation was not sufficiently complete to support the attorney's fees award; (3) the trial court did not abuse its discretion in weighing competing interests and concluding that Anthony should have possession of the marital residence; (4) in light of the conflicting evidence regarding the horses' true owner(s), the trial court did not clearly err by including them in the marital estate; (5) a Pontiac Sunfire was properly included in the marital estate; (6) it was harmless error for the trial court to include a Volkswagen Jetta in the marital estate; (7) the trial court's inclusion of Rose's one-half interest in the Buffalo property in the marital estate was proper; and (8) except for failing to set aside the Buffalo property to Rose, the trial court did not abuse its discretion in dividing the property almost nearly equally between the parties despite Rose's claim that she brought more assets to the marriage than Anthony and earned more income during the course of the marriage, and despite Rose's claim that her daughter's social security benefits contributed to the operation and maintenance of the household. *Fobar*, 756 N.E.2d at 512. Except as issue (8) relates to the Buffalo property, we summarily affirm these issues. Ind. Appellate Rule 58(A)(2).

marital property between the parties is just and reasonable." I.C. § 31–15–7–5. This presumption may be rebutted, however, by evidence of each spouse's contribution to the acquisition of the property, the extent to which the property was acquired before the marriage or by inheritance, the economic circumstances of each spouse, the conduct of the parties relating to the disposition or dissipation of assets, and each spouse's earning ability. *Id.*

At Rose's request, the trial court entered findings of fact and conclusions of law. Findings of fact are reviewed under a clearly erroneous standard. Ind. Trial Rule 52(A). Conclusions of law, however, are reviewed de novo. Finally,

> A "clearly erroneous" judgment can result from application of the wrong legal standard to properly-found facts, and in that situation we do not defer to the trial court. We are not bound by the trial court's characterization of its results as "findings of fact" or "conclusions of law." Rather, we look past these labels to the substance of the judgment and will review a legal conclusion as such even if the judgment wrongly classifies it as a finding of fact.

*Beam v. Wausau Ins. Co.,* 765 N.E.2d 524, 528 (Ind.2002). This case turns on whether the trial court's division of the marital property was just and reasonable. Although this is in some sense an issue of law, it is highly fact sensitive and is subject to an abuse of discretion standard. *Taylor v. Taylor,* 436 N.E.2d 56, 58 (Ind. 1982); *Elkins v. Elkins,* 763 N.E.2d 482, 484–85 (Ind.Ct.App.2002); *Pitman v. Pitman,* 721 N.E.2d 260, 264 (Ind.Ct.App. 1999), *trans. denied; Berger v. Berger,* 648 N.E.2d 378, 381 (Ind.Ct.App.1995); *Truman v. Truman,* 642 N.E.2d 230, 234 (Ind. Ct.App.1994). A reviewing court will not weigh evidence, but will consider the evidence in a light most favorable to the judgment. *Quillen v. Quillen,* 671 N.E.2d 98, 102 (Ind.1996); *Pitman,* 721 N.E.2d at 264.

The Court of Appeals found that Rose made a clear showing that she obtained the Buffalo property both by inheritance and before the marriage, and that Anthony never used the property, did not contribute to its improvements, and participated in no decisions concerning the property. *Fobar,* 756 N.E.2d at 522–23. Based on these facts, the Court of Appeals concluded that the trial court abused its discretion in refusing to consider the Buffalo property as an additional value to be allocated to Rose. *Id.* at 521–23. In reaching this conclusion, the Court of Appeals relied principally on *Castaneda v. Castaneda,* 615 N.E.2d 467 (Ind.Ct.App.1993). *Castaneda* held that all property of the parties must be included in the marital estate regardless of its source, but "the trial court *may* deviate" from the 50–50 statutory presumption if property was brought separately into the marriage, was never commingled with other marital assets, and was never treated as marital assets. 615 N.E.2d at 470 (emphasis added). Anthony correctly responds that *Castaneda* does not stand for the proposition that a trial court is required to reach an unequal division of property because one spouse brought some items separately to the marriage. Rather *Castaneda* permits the trial court, in its discretion, to choose to distribute the marital property unequally in favor of one spouse based on statutorily identified considerations, one of which is inherited property. Whether to do so is a matter of trial court discretion in light of all other relevant factors.

The trial court's disposition is to be considered as a whole, not item by item. *Simpson v. Simpson,* 650 N.E.2d 333, 335 (Ind.Ct.App.1995); *Livingston v. Livingston,* 583 N.E.2d 1225, 1227 (Ind.Ct.App.

1992), *trans. denied; Hoyle v. Hoyle,* 473 N.E.2d 653, 657 (Ind.Ct.App.1985). In crafting a just and reasonable property distribution, a trial court is required to balance a number of different considerations in arriving at an ultimate disposition. The court may allocate some items of property or debt to one spouse because of its disposition of other items. Similarly, the factors identified by the statute as permitting an unequal division in favor of one party or the other may cut in different directions. As a result, if the appellate court views any one of these in isolation and apart from the total mix, it may upset the balance ultimately struck by the trial court.

■ Here, there is ample basis justifying the trial court's inclusion of Rose's interest in the Buffalo property and the equal division of the entire marital pot. Anthony has an annual income of $32,800, and Rose earns approximately $40,500. Rose was awarded Anthony's rental property that he acquired prior to the marriage. The trial court found that Rose's earning ability was "substantially more" than Anthony's and would be increased by her greater rental income after the Decree takes effect. Thus the trial court was well within its discretion in offsetting Rose's higher earning capacity and resources by including the Buffalo property in the overall 50–50 split, rather than setting it off to Rose as a separate item.

Neither party has cited any case where an equal division was reversed on the account of inherited property. Indeed, Indiana law presumes that "an equal division of the marital property between the parties is just and reasonable." I.C. § 31–15–7–5. In many circumstances, it may be appropriate to award a greater share of the marital property to one spouse by reason of inheritance. But Indiana statute requires all property to be considered in the marital estate. I.C. § 31–15–7–4. Even if some items meet the statutory criteria that may support an unequal division of the overall pot, the law does not require an unequal division if overall considerations render the total resolution just and equitable. The trial court considered seventy-two exhibits and the testimony of four witnesses, which were presented over the course of three days.[2] Although several of the couple's assets were brought to the marriage, there was no requirement that any be set off for one spouse, and no requirement that the overall pot be unequally divided. Rather, we conclude that the trial court was within its discretion in dividing the property 50–50, and was not required to alter its virtually equal division of the marital property to reflect Rose's interest in the inherited Buffalo property.

## Conclusion

Pursuant to Indiana Appellate Rule 58(A)(2), we summarily affirm all other issues. We affirm the trial court in all respects except the attorney fee issue.

2. The trial court stated:

There was considerable dispute as to a lot located and referred to as the Buffalo Real Estate. The property had originally come from the lineage of the Respondent's first husband (husband's mother) which is shown by Respondent's Exhibit W, deeded to Robert L. Fobar, the Respondent's first husband. This was subject to a life estate in his mother, who is now deceased. That in accordance therewith, the property would be owned ½ half by the Respondent and ½ by Robin, the daughter of Robert Fobar by right of inheritance from Respondent's first husband. That as a result thereof, the Court is justified in giving consideration to the source of said property, and dividing the marital assets of the parties. The Court finds that a fair evaluation for said property is in the sum of $45,000 and that Robin Fobar is the owner of ½ of said Real Estate, the value therefore for inclusion of marital assets is $22,500.

This case is remanded for resolution of that issue for the reasons given by the Court of Appeals.

SHEPARD, C.J., and DICKSON, SULLIVAN, and RUCKER, JJ., concur.