# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 19 2016, 8:16 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Steven K. Raquet
Derick W. Steele
Raquet, Vandenbosch & Steele
Kokomo, Indiana

ATTORNEY FOR APPELLEE

Jeffry G. Price
Peru, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard A. Vagedes,

*Appellant-Petitioner,*

v.

Betty Jo Vagedes,

*Appellee-Respondent.*

May 19, 2016

Court of Appeals Case No.
52A02-1506-DR-700

Appeal from the Miami Superior Court

The Honorable Daniel C. Banina, Judge

Trial Court Cause No.
52D02-1310-DR-294

**Robb, Judge.**

# Case Summary and Issue

[1] The marriage of Richard Vagedes ("Husband") and Betty Jo Vagedes ("Wife") was dissolved by a Decree of Dissolution entered by the trial court on May 15, 2015. Husband appeals the trial court's division of property, raising the sole issue of whether it was error to divide the marital property equally between the parties. Concluding the trial court did not err in finding an equal division was just and reasonable in this case, we affirm.

# Facts and Procedural History[1]

[2] Husband and Wife were married in 2003 and separated in 2013. No children were born to the marriage. Husband owned a home valued at $98,000 encumbered by no debt at the time of the marriage. During the marriage, Wife's name was added to the deed and the parties took out a mortgage on the house. In addition, Husband came into the marriage with an investment account that was funded by monetary gifts from his first wife's parents and by money he inherited when his first wife died. The account was valued at approximately $114,000 at the time of the marriage. By the time of the final hearing, the investment account was valued at approximately $55,000.

---

[1] We commend Husband for keeping the Statement of the Case and the Statement of Facts in his brief concise and relevant to the issue presented. We also commend Wife for agreeing with Husband's Statement of the Case.

[3] Husband worked a full-time job for the first few years of the marriage, until he was disabled by a back injury. Wife also worked full time at various jobs during the marriage until she was temporarily disabled by a cancer diagnosis. Both parties were receiving disability benefits at the time of the final hearing—Husband receives approximately $1,350 per month and Wife receives approximately $1,300 per month—and Husband receives a pension of approximately $850 per month. Wife was also working a temporary job at the time of the final hearing, making approximately $520 per week. Wife has an IRA she contributed to throughout the marriage valued at $11,000.

[4] The trial court held a final hearing in February of 2015. Husband, Husband's daughter who was managing his finances, and Wife all testified. As the trial court characterized it, Husband proposed an "extreme deviation" from the presumptive equal division of the marital property, arguing Wife should only take from the marital estate what she brought in – the value of her vehicle and her IRA, or approximately $24,000.[2] Appellant's Appendix at 29. Wife proposed an equal distribution.

[5] The trial court entered its Decree of Dissolution on May 15, 2015:

> Both parties have had serious medical conditions. Both parties receive Social Security Disability benefits but [Husband] also receives a pension in addition to the Social Security. The court

---

[2] Based on the trial court's calculation that the net marital estate was valued at $130,760, Husband's proposal would have resulted in an 18/82 percent division in his favor.

notes that [Husband] receives slightly more income than [Wife] does.

[Wife] testified that during most of their marriage, [Husband] did not work and drew disability while she worked for the majority of the marriage. She testified that her income provided the health insurance for the couple and helped pay the household bills.

However, [Wife] testified that she currently is in remission from breast cancer Stage III and has started back to work full time through a temp agency. [Wife] also said that she must have reconstruction surgery in April that will take her away from her work for several weeks and there will be future testing to monitor the cancer. Thus, while [Wife] expects to make a full recovery and eventually go back to work full time, her health and financial security in the future are currently unknown.

[Husband] appeared to claim that he received an inheritance in the form of the [investment] account before marrying [Wife] and that he should receive all of what's left. [Husband] did not argue that the [investment] account was *not* marital property, just that there should be an extreme deviation from the presumption of an equal and just division, presumably because of the inheritance. [Wife] presented evidence that marital funds were used to pay a loan taken against the [investment] account and that [Wife] had expected to receive a portion of those funds if [Husband] passed away.

[Husband] testified that he also had the marital residence from before the marriage to [Wife] and that he should receive that as well. However, [Husband] added [Wife] to the house deed in June 2003. [Wife] contributed financially to its maintenance during the marriage by cosigning on a mortgage to make certain large repairs, such as the roof, soffits and driveway. . . .

The parties seemed to agree that each would receive any bank accounts that each person now has and each party would retain any other personal property now in his or her own possession. . . .

The court is to presume an equal division of the marital property. I.C. 31-15-7-5. The statute instructs the court to consider what the parties brought into the marriage, the parties' behavior during the marriage with respect to any dissipation of assets and as well as accumulation of assets and debts during the marriage. The court is also to take into account the parties' incomes as they proceed into the future. The court now concludes that a just and reasonable division for both parties would be an approximate equal division of the assets and debts . . . . The court does not find that [Husband] has overcome this burden or that there was evidence of a "true" inheritance to justify a deviation.

* * *

As a result of the equal distribution of assets and debts [Husband] owes [Wife] $36,182.71.

*Id.* at 28-31 (emphasis in original). Husband now appeals the trial court's division of property.

# Discussion and Decision

## I. Standard of Review

[6] Indiana Code chapter 31-15-7 governs disposition of marital assets in a dissolution proceeding. Pursuant to Indiana Code section 31-15-7-4, the trial

court shall divide the property of the parties in a just and reasonable manner, whether that property was owned by either spouse before the marriage, acquired by either spouse in his or her own right after the marriage and before the final separation, or acquired by their joint efforts. This "one pot" theory of marital property ensures that all marital assets are subject to the trial court's power to divide and award. *Estudillo v. Estudillo*, 956 N.E.2d 1084, 1090 (Ind. Ct. App. 2011). The division of marital property is highly fact sensitive, *Fobar v. Vonderahe*, 771 N.E.2d 57, 59 (Ind. 2002), and is therefore a task within the sound discretion of the trial court, *Love v. Love*, 10 N.E.3d 1005, 1012 (Ind. Ct. App. 2014). We will not weigh the evidence, instead considering the evidence in the light most favorable to the judgment. *Fobar*, 771 N.E.2d at 59. We will reverse only for an abuse of discretion; that is, if there is no rational basis for the award or if the trial court has misinterpreted the law or disregarded evidence of the statutory factors. *Luttrell v. Luttrell*, 994 N.E.2d 298, 301 (Ind. Ct. App. 2013), *trans. denied*. Although the facts and reasonable inferences might allow for a conclusion different from that reached by the trial court, we will not substitute our judgment for that of the trial court. *Webb v. Schleutker*, 891 N.E.2d 1144, 1154 (Ind. Ct. App. 2008).

[7] The trial court's judgment here included *sua sponte* findings of fact and conclusions. Where a trial court enters findings *sua sponte*, we review issues covered by the findings with a two-tiered standard of review that asks whether the evidence supports the findings, and whether the findings support the judgment. *In re S.D.*, 2 N.E.3d 1283, 1287 (Ind. 2014). Any issue not covered

by the findings is reviewed under the general judgment standard, meaning a reviewing court should affirm based on any legal theory supported by the evidence. *Id.*

## II. Equal Division of Marital Property

[8] "The court shall presume that an equal division of the marital property between the parties is just and reasonable." Ind. Code § 31-15-7-5. However, the presumption of equal division may be rebutted by a party who presents evidence that an equal division would not be just and reasonable because of the contribution each spouse made to the acquisition of property; the extent to which property was acquired before the marriage or through inheritance or gift; the economic circumstances of each spouse at the time of dissolution; the conduct of the parties during the marriage relating to their property; and the earnings or earning ability of each party. *Id.* The party seeking to rebut the presumption of equal division bears the burden of proof of doing so. *Beckley v. Beckley*, 822 N.E.2d 158, 163 (Ind. 2005).

[9] Husband argues the trial court erred in equally dividing the marital property. As the trial court noted, Husband did not advocate leaving the value of the house or the investment account *out* of the marital pot, and he does not do so on appeal. Rather, he asserts the trial court failed to give proper "weight and credit to the value of the property [Husband] brought into the marriage, the length of time the property was owned prior to the marriage and the contributions, or lack thereof, provided by [Wife] in obtaining the property."

Brief of Appellant at 7. Accordingly, Husband argues the trial court should have deviated from the presumptive equal division and awarded him a greater percentage of the marital estate.[3]

[10] The trial court's property division is to be considered as a whole and not item by item. *Fobar*, 771 N.E.2d at 59. No one factor listed in section 31-17-7-5 is entitled to special weight over any other. *See Bertholet v. Bertholet*, 725 N.E.2d 487, 496 (Ind. Ct. App. 2000). "Even if some items meet the statutory criteria that may support an unequal division of the overall pot, the law does not require an unequal division if overall considerations render the total resolution just and equitable." *Fobar*, 771 N.E.2d at 59. With respect to the factors set out in Indiana Code section 31-15-7-5, Husband did bring the majority of the marital property into the marriage, at least some of which was acquired by inheritance or gift. *See* Ind. Code § 31-15-7-5(1) and (2). Not only does Husband already have a greater income, Wife is about to lose her temporary employment for medical reasons, and although she hopes and expects to be able to return to work, there is no guarantee that she will so her future economic circumstances are uncertain. *See* Ind. Code § 31-15-7-5(3) and (5). The parties treated the house and the investment account as joint property. *See* Ind. Code § 31-15-7-5(4). Husband owned the house when the parties were married, but

---

[3] Wife misconstrues Husband's argument when she states Husband "got what he asked for, namely the house was awarded to him." Appellee's Brief at 9. He did indeed receive the physical house, but what Husband advocated was that he also receive the *value* of the house on his side of the balance sheet with no offsetting payment to Wife.

Wife was added to the deed on the house and co-signed a mortgage used to make repairs and improvements. As to the investment account, whether or not Wife had direct access to the investment account herself, monies were withdrawn from that account for family purposes. Further, Wife testified that the investment account was to be shared equally between her and Husband's daughters upon Husband's death. In fact, after the downturn in the market caused the value of the account to decrease, the shares were rearranged so that Wife would receive a greater percentage.

[11] Although the couple's largest assets were brought into the marriage by Husband, there was no requirement that any assets or value be set off to him and no requirement that the overall pot be unequally divided. The evidence favorable to the judgment amply supports the trial court's finding that an equal division of the marital pot is just and reasonable.[4]

# Conclusion

[12] The trial court did not err in finding that Husband had failed to rebut the presumption that an equal division of the marital property is just and reasonable. Accordingly, the trial court's judgment dividing the property equally is affirmed.

---

[4] Although not raised by Wife, we note the trial court awarded Husband's pension to him and Wife's IRA to her. However, the trial court assigned no value to Husband's pension while including the $11,000 value of Wife's IRA in the marital pot. So in fact, Husband did receive more than fifty percent of the marital estate.

Affirmed.

Barnes, J., and Altice, J., concur.