## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2017, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gregory K. Blanford
The Blanford Law Office
South Bend, Indiana

ATTORNEY FOR APPELLEE

George T. Catanzarite
Stipp Law, LLC
South Bend, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Debra L. Myer,

*Appellant-Petitioner*,

v.

Michael A. Myer,

*Appellee-Respondent*.

April 19, 2017

Court of Appeals Case No.
71A04-1604-DR-719

Appeal from the St. Joseph Circuit Court

The Honorable Andre B. Gammage, Magistrate

The Honorable Michael G. Gotsch, Judge

Trial Court Cause No.
71C01-1306-DR-312

**Brown, Judge.**

[1] Debra L. Myer appeals from the trial court's division of marital property in the dissolution of her marriage to Michael A. Myer. Debra raises several issues which we consolidate and restate as whether the court abused its discretion in its division of the marital property. We affirm.

## Facts and Procedural History

[2] Debra and Michael were married in March 1990. Debra had one child prior to the marriage, and Debra and Michael had two children together. Debra filed a petition for legal separation on June 21, 2013, and Michael filed a petition for dissolution of marriage on July 1, 2013. The court held an evidentiary hearing on July 22 and September 4, 2015, at which the parties presented evidence regarding their incomes, real properties and mortgages, bank accounts, credit cards, retirement accounts, and other marital assets and liabilities. Debra requested findings of fact and conclusions thereon and that Michael contribute to the payment of her attorney fees. The parties submitted proposed findings and conclusions.

[3] On March 4, 2016, the court entered a decree of dissolution and found that the children are over the age of majority and are emancipated by operation of law. In dividing the marital estate, the court awarded real property on Tyler Road in Walkerton, Indiana, to Michael, and real property on Quinn Road in North Liberty, Indiana, to Debra. Under a heading for homestead exemption, it found that Debra caused a homestead exemption to be removed from the Tyler Road property, thereby increasing the tax obligation on that property by $1,756, and that Michael "shall be credited $1,756 as reimbursement for said tax

increase." Appellant's Appendix II at 41. Under a heading for retirement accounts, it found that a portion of Debra's individual retirement account (IRA) was received by Debra from a previous divorce, that the portion was acquired by Debra without contribution in any form by Michael, and that an equal distribution of the full value of the IRA would not be just and reasonable. The court also found Debra is vested in a retirement plan which is payable beginning in August 2021 with a value of $100 per month as a life annuity.

[4] The court further found, under a heading for student loans, that Debra included in her contentions a student loan debt which constituted a support obligation from a previous marriage, that the debt is related to post-secondary education for a child not born of this marriage, and that the amount would be excluded in the computation of marital debt. The decree states "[t]he Court favors an equal distribution of the marital estate between the parties," identified and assigned values to the marital assets and liabilities, did not include the pre-marital value of Debra's IRA or her debt related to the support obligation from a previous marriage in the marital property to be divided, and divided the remaining marital property equally. *Id.* at 44. The court entered a judgment of $25,480 in favor of Debra and against Michael to effectuate its division of the marital property and ordered the parties' attorneys to prepare a qualified domestic relations order for Michael's 401(k) account to satisfy the judgment. The court also determined the parties would be responsible for their own attorney fees.

## *Discussion*

[5] The issue is whether the trial court abused its discretion in its division of the marital property. When a trial court has made findings of fact, we apply the following two-step standard of review: whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions thereon. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997). Findings will be set aside if they are clearly erroneous. *Id.* Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. *Id.* To determine that a finding or conclusion is clearly erroneous, our review of the evidence must leave us with the firm conviction that a mistake has been made. *Id.*

[6] Debra claims the trial court failed to enter specific findings and conclusions and applied an incorrect legal standard in stating that it favors an equal distribution of the marital estate. She further claims the court erred in awarding Michael a credit related to the loss of the homestead exemption on the Tyler Road property, in declining to award her a greater share of the marital estate, and in denying her request for attorney fees. Michael responds that the court's inclusion of a tax credit related to the loss of the homestead exemption on the Tyler Road property as a marital asset was advantageous to Debra, that Debra ultimately received fifty-four percent of the marital estate in addition to her monthly pension, and the court did not abuse its discretion in denying her request for attorney fees.

[7] The division of marital property is within the sound discretion of the trial court, and we will reverse only for an abuse of discretion. *Love v. Love*, 10 N.E.3d 1005, 1012 (Ind. Ct. App. 2014) (citing *Hartley v. Hartley*, 862 N.E.2d 274, 285 (Ind. Ct. App. 2007)). When we review a claim that the trial court improperly divided marital property, we must consider only the evidence most favorable to the trial court's disposition of the property. *Id.* (citation omitted). Although the facts and reasonable inferences might allow for a different conclusion, we will not substitute our judgment for that of the trial court. *Id.*

[8] Ind. Code § 31-15-7-4 provides that the court in a dissolution action shall divide the property in a just and reasonable manner. The court shall presume that an equal division of marital property between the parties is just and reasonable. Ind. Code § 31-15-7-5. However, this presumption may be rebutted by a party who presents relevant evidence that an equal division would not be just and reasonable. *Id.* Relevant evidence includes evidence concerning the contribution of each spouse to the acquisition of the property, the extent to which the property was acquired by each spouse before the marriage or through inheritance or gift, the economic circumstances of each spouse at the time the disposition of the property is to become effective, the conduct of the parties during the marriage as related to the disposition or dissipation of their property, and the earnings or earning ability of the parties. *Id.* The court is not required to explicitly address each factor, and a court on review must be able to infer from the court's findings that the statutory factors were considered. *Love*, 10 N.E.3d at 1012.

[9] The trial court's division of marital property is "highly fact sensitive . . . ." *Id.* (citing *Fobar v. Vonderahe*, 771 N.E.2d 57, 59 (Ind. 2002)). A trial court's discretion in dividing marital property is to be reviewed by considering the division as a whole, not item by item. *Id.* We will not weigh evidence, but will consider the evidence in a light most favorable to the judgment. *Id.* A party who challenges the trial court's division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute, and thus we will reverse a property distribution only if there is no rational basis for the award. *Id.* at 1012-1013 (citation omitted). It is well-established that all marital property goes into the marital pot for division, whether it was owned by either spouse before the marriage, acquired by either spouse after the marriage and before final separation of the parties, or acquired by their joint efforts. *Id.* at 1013 (citing Ind. Code § 31-15-7-4(a); *Beard v. Beard*, 758 N.E.2d 1019, 1025 (Ind. Ct. App. 2001), *trans. denied*). This one-pot theory ensures that no asset is excluded from the trial court's power to divide and award. *Id.* (citation omitted). Further, the trial court's valuation of marital assets will be disturbed only for an abuse of discretion. *Morey v. Morey*, 49 N.E.3d 1065, 1069 (Ind. Ct. App. 2016). As long as the evidence is sufficient and reasonable inferences support the valuation, an abuse of discretion does not occur. *Id.*

[10] With respect to the adequacy of the trial court's findings, we observe that the court's decree sets forth findings regarding the parties' real properties and mortgages, whether there had been a dissipation of assets by Debra, the parties'

retirement accounts and the value of Debra's IRA received from a previous divorce, Debra's debt related to a support obligation from a previous marriage, and the value of their personal property. The court set forth its reasons for not dividing certain assets and liabilities and then divided the remaining property equally. We cannot say that the court did not enter additional, particular, or more specific findings or conclusions warrants reversal or remand. In addition, as to Debra's assertion the court applied an incorrect legal standard, we note that, although the decree stated "[t]he Court favors an equal distribution of the marital estate," Appellant's Appendix II at 44, the court also cited Ind. Code § 31-15-7-5, providing the court shall presume an equal division of marital property is just and reasonable and may deviate from an equal division when the presumption is rebutted, and then set aside certain property to Debra upon entering findings as to the reasons it did so and divided the remaining marital property equally. We cannot conclude, given the court's findings and the strong presumption the court considered and complied with the applicable statute, *see Love*, 10 N.E.3d at 1012-1013, that the court applied an incorrect standard based on its statement that the court favors an equal distribution of the marital estate.

[11]     As to the homestead exemption, Michael indicated that, at the time the petition for dissolution was filed, there was a homestead exemption attached to the Tyler Road property. He presented evidence that his real estate taxes on that property were $1,858.90 for the year 2014 and $3,614.44 for the year 2015 and that the homestead exemption had been removed for 2015. He testified he did

not change the homestead exemption and was requesting a judgment against Debra for the difference of $1,755.54. When asked to explain about the homestead exemption, Debra testified that she "had been paying approximately $900 a year extra in real estate tax because I could not have a homestead exemption" and that she and Michael had executed quitclaim deeds on their properties so that the Tyler Road property was in Michael's name and the Quinn Road property was in her name "thinking that we could go down to the assessor's office and have each of us file the homestead exemption." Transcript at 192. Debra testified "I filed for my homestead exemption so that I could claim it for year 2014, payable '15," "I did absolutely nothing to take away his homestead exemption," "I filed for mine thinking we were both eligible to get the homestead exemption," and that she later learned that "if there is not a divorce decree entered, you cannot have both properties with the homestead exemption." *Id.* at 193. When asked "[d]id that result in losses someplace," Debra replied affirmatively, and when asked if "that can be recouped," she again responded affirmatively. *Id.* at 193-194. When asked "How," Debra testified "[t]he assessor's office will make a retroactive adjustment to the 2014 taxes, payable 2015 if we can agree on who gets the exemption." *Id.* at 194. When asked if she had "a suggestion as to how to do that," Debra testified "I paid approximately $1,200 extra in real estate taxes because I could not claim the homestead exemption," "I would be more than willing to sign whatever documents need to be signed for Mike to get the homestead exemption," and "I think it would be fair that he share in half of the overpayment I had to make for not having the homestead exemption on Quinn Road." *Id.*

[12] The court found that Debra "caused the homestead exemption to be removed from the Tyler Road property, thereby increasing the tax obligation on that property by $1,756," and that Michael "shall be credited $1,756 as reimbursement for said increase." Appellant's Appendix II at 41. The court included an amount of $1,756 for "Husband's reimbursement credit for homestead taxes" in its list of the marital assets and assigned the asset to Michael in its division of the marital estate. *Id.* at 45. The court characterized the amount of $1,756, which Debra testified could be recouped, as a credit and listed it as a marital asset to be assigned to Michael and divided the value of the asset equally, resulting in Debra receiving an equalization payment $878 higher than the payment she would have received if the court had not included an amount of $1,756 in the marital assets. We cannot say that the court abused its discretion in its treatment of the real estate tax increase resulting from the loss of the homestead exemption on the Tyler Road property.

[13] Turning to the division of the marital estate, the parties presented evidence regarding their real property, bank and retirement accounts, earnings, employment, debt, and economic circumstances. Michael indicated that he worked for his current employer Aero Metals for almost sixteen years, that he was an hourly employee and received overtime and profit sharing which varied, and that in 2014 he grossed "74, 75" "someplace in there" and he believed Debra grossed "25." Transcript at 46. Debra testified regarding her health conditions, including a recent heart attack and surgery to fuse vertebrae, her income in 2014 of around $24,000 to $25,000 and that she works from home,

her retirement, that she had been principally responsible for caring for her children, and that Michael worked about fifty hours a week. The parties presented evidence of the value of the marital assets and liabilities.

[14] The court's decree identified and assigned values to the marital assets and liabilities. The marital assets included the real properties on Tyler Road and Quinn Road,[1] the parties' bank accounts and life insurance policy values, Debra's IRA and pension and the parties' 401(k) accounts, Michael's tools, and the parties' personal property. The marital liabilities included mortgages on the real property, credit card balances, and loans including a loan from Michael's 401(k). With respect to one of the credit card balances, Debra presented evidence that Michael had incurred a charge of $2,000 on the parties' joint credit card to pay his attorney prior to the filing of the petition for dissolution and testified that she had used the same credit card to pay her attorney $500 prior to separation. The court entered specific findings regarding Debra's IRA, indicating that the pre-marital value of the IRA would be set over to Debra, and that Debra's debt related to a previous support obligation and gave reasons it did not divide the debt between the parties. *See* Ind. Code § 31-15-7-5 (providing the court may consider evidence concerning the extent to which the property was acquired before the marriage). With respect to the parties' joint bank account, the decree states that Michael contended Debra withdrew funds from their joint bank account and that the court does not find a dissipation of

---

[1] The Quinn Road property had been a rental property before it became Debra's residence.

marital assets in anticipation of the dissolution. The court also entered findings regarding the valuation of the real properties and mortgage balances, Michael's tools, and the personal property. Debra does not challenge the court's valuations. We also note that Debra received a slightly higher percentage of the marital property due to the fact the court did not divide the pre-marital value of her IRA between the parties.

[15] The trial court's division of marital property is highly fact sensitive, and we review the court's discretion in dividing marital property considering the division as a whole and not item by item. *See Love*, 10 N.E.3d at 1012. The trial court considered the relevant statutory factors, determined that a just and reasonable division was to set certain property and debt over to Debra and equally divide the remaining property, and ordered that Michael make a payment to Debra of $25,480, resulting in a net distribution to Debra of slightly more than half of the marital estate. Based upon our review of the record and the court's findings and conclusions, we cannot say that Debra has overcome the strong presumption that the trial court considered and complied with the applicable statute. *See Love*, 10 N.E.3d at 1013-1015 (observing the trial court considered the relevant statutory factors, found a just and reasonable division was to shift certain debt to the former wife, and achieved its net distribution by ordering the former husband to make an equalization payment to the former wife, and concluding that the former wife did not overcome the strong presumption the court considered and complied with the applicable statute).

We do not disturb the division of the marital property set forth in the trial court's decree of dissolution.

[16] The court may order a party to pay a reasonable amount for attorney fees, including for legal services incurred before the commencement of the proceedings or after entry of judgment. Ind. Code § 31-15-10-1. The trial court has broad discretion in awarding attorney fees. *Barton v. Barton*, 47 N.E.3d 368, 377 (Ind. Ct. App. 2015), *trans. denied*. The court must consider the parties' resources, economic conditions, abilities to earn adequate income, and other factors that bear on the reasonableness of the award. *Hartley*, 862 N.E.2d at 286. Although Michael's earnings are greater than Debra's earnings, we note that Debra received slightly more than half of the marital property. Our review of the record, including the parties' resources and employment, does not demonstrate that the trial court abused its discretion in determining that the parties will be responsible for the payment of their own attorney fees.

## Conclusion

[17] For the foregoing reasons, we affirm the trial court's decree of dissolution and division of the marital estate.

[18] Affirmed.

Vaidik, C.J., and Bradford, J., concur.