## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 05 2019, 10:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Paul A. Hadley
Danville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jennifer Lynne Coverdale, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Todd Allen Coverdale, <br> *Appellee-Respondent* | February 5, 2019 <br><br> Court of Appeals Case No. <br> 18A-DN-2171 <br><br> Appeal from the Hendricks <br> Superior Court <br><br> The Honorable Rhett M. Stuard, <br> Judge <br><br> Trial Court Cause No. <br> 32D02-1804-DN-228 |

**Altice, Judge.**

### Case Summary

[1] Jennifer Lynn Coverdale appeals from the trial court's division of marital property in her dissolution action against Todd Allen Coverdale. Jennifer's sole

argument on appeal is that the trial court erred by awarding her 33% of Todd's 401(k) retirement plan.

[2] We affirm.

## Facts and Procedural History

[3] We begin by observing that the record in this appeal is limited, and the details provided in Jennifer's statement of the case and statement of the facts are woefully lacking. What we know is that Jennifer filed for dissolution on April 20, 2018, after less than six years of marriage to Todd. No children were born of the marriage.

[4] A brief final dissolution hearing was held on August 2, 2018, at which Jennifer was represented by counsel and Todd was not. Jennifer presented evidence of an income disparity (which she does not set out in her appellate brief) and argued that she was entitled to 55% of the marital estate. Jennifer provided valuations for some of the debts and assets of the marriage, but much of the marital property was left unvalued.[1] On appeal, Jennifer notes only the value of Todd's 401(k), which was $67,612.86 on the date of filing. With respect to this marital asset, Todd testified that he did not believe Jennifer should be entitled to 55% or even 50% of it because they had been married only six years.

---

[1] At the hearing, Jennifer had a long list of antique furniture and other personal property that she "brought into the marriage" and wanted awarded to her. *Transcript* at 12.

[5] The trial court issued the dissolution order on August 2, 2018. The court awarded the marital residence to Todd and ordered him to refinance (or sell) within sixty days and pay half of the home's equity (or proceeds) to Jennifer. The total equity in the home was over $60,000 at the time of the hearing. The court divided unvalued vehicles (two cars, a camper, and a motorcycle) as agreed between the parties. Todd was ordered to pay an outstanding medical bill for Jennifer in the amount of $2181.46 and a personal loan in the amount of $1622. The trial court also awarded a long list of personal property to Jennifer, much of which she claimed she had brought into the marriage. Todd received unspecified personal property left in the marital residence. With respect to Todd's 401(k), the trial court determined that "[d]ue to the somewhat short-term nature of this marriage," Jennifer should receive 33% of the marital asset. *Appellant's Appendix* at 10.

[6] Jennifer filed a motion to correct error on August 9, 2018, addressing the uneven distribution of the 401(k). The trial court summarily denied the motion the following day. Jennifer now appeals.

## Discussion & Decision

[7] Jennifer's short and undeveloped appellate argument runs off the tracks quickly. She asserts that the trial court "erred by deviating from the 50/50 presumptive split regarding the 401(k) … and only awarding [her] 33% of the same." *Appellant's Brief* at 7. She ignores the fact that two marital debts were set off

entirely to Todd and that she received all the personal property she requested since she brought that property into the marriage.

[8]     Our Supreme Court has observed:

> The trial court's disposition is to be considered as a whole, not item by item. In crafting a just and reasonable property distribution, a trial court is required to balance a number of different considerations in arriving at an ultimate disposition. The court may allocate some items of property or debt to one spouse because of its disposition of other items. Similarly, the factors identified by the statute as permitting an unequal division in favor of one party or the other may cut in different directions. As a result, if the appellate court views any one of these in isolation and apart from the total mix, it may upset the balance ultimately struck by the trial court.

*Fobar v. Vonderahe*, 771 N.E.2d 57, 59-60 (Ind. 2002) (citations omitted).

[9]     Here, Jennifer has asked us to consider the division of just one item of marital property, which is improper. She makes no assertions regarding what the actual property division was when considered in total. We will not do her work for her. Moreover, even assuming that Todd received a larger percentage of the overall marital estate, Jennifer has not established an abuse of discretion. *See id.* at 59 (determination of whether trial court's division of marital property was just and reasonable "is subject to an abuse of discretion standard")

[10]    There is a statutory presumption that "an equal division of the marital property between the parties is just and reasonable." Ind. Code § 31-15-7-5. "This presumption may be rebutted, however, by evidence of each spouse's

contribution to the acquisition of the property, the extent to which the property was acquired before the marriage or by inheritance, the economic circumstances of each spouse, the conduct of the parties relating to the disposition or dissipation of assets, and each spouse's earning ability. *Fobar*, 771 N.E.2d at 59 (citing I.C. § 31-15-7-5).

[11] In determining that Jennifer should receive 33% of Todd's 401(k), the trial court observed that the marriage was relatively short. A reasonable inference is that the trial court was accounting for the fact that Todd came into the marriage with his 401(k). In other words, Todd did not accrue all of the nearly $68,000 value during the six-year marriage. Similarly, Jennifer came into the marriage with a significant amount of personal property, which was awarded to her in the dissolution decree. On the record before us and in light of the poorly formed arguments asserted by Jennifer, we cannot conclude that the trial court failed to divide the marital estate in a just and reasonable manner.

[12] Judgment affirmed.

Najam, J. and Pyle, J., concur.