**In re the Marriage of Pamela DOYLE, Appellant–Respondent,**

v.

**Rick DOYLE, Appellee–Petitioner.**

No. 79A02–0103–CV–125.

Court of Appeals of Indiana.

Oct. 18, 2001.

Angela Claypool Service, Withered Corrigan & Service, Lafayette, IN, Attorney for Appellant.

Edward L. Kennedy, Heide Sandy Deets & Kennedy, Lafayette, IN, Attorney for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Pamela M. Schafer (formerly Doyle) appeals the trial court's Order granting her ex-husband, Rick L. Doyle, more than 50% of their marital estate. Specifically, Pamela contends that none of the statutory factors supported an unequal property division in favor of Rick. Conversely, Pamela contends that she was entitled to an unequal division of the marital estate in her favor based on a personal injury settlement she received 11 years prior to marriage. Because we find that accounts established using the settlement funds were never treated as marital property and were earmarked for paying for Pamela's future medical expenses arising from the injury, we reverse and remand.

### Facts and Procedural History

When Rick and Pamela married in 1996, each of them came into the marriage with individual assets and no real debt. In particular, Rick entered the marriage with $46,557.78 in assets, while Pamela brought $52,464.74 in assets to the marriage, $14,368.93 of which were funds she received to compensate her for injuries she sustained during a serious automobile accident that occurred in 1985.

Four years after marrying, Rick and Pamela separated. Thereafter, Rick filed a petition for dissolution. As there were no children born of the marriage, the only issue before the trial court at the dissolution hearing was the division of the marital assets.

The trial court divided the appreciation in the marital assets based on the 50/50 presumption, while, at the same time, it set

over the pre-marriage value of assets still in the couple's possession to the party that brought the particular asset to the marriage. Although the trial court's Order indicates that it divided the marital estate on a 50/50 basis, in reality, the resulting division when the pre-marriage value of assets is factored in is 56.7/43.3 in favor of Rick. It is from that Order that Pamela now appeals.

### Discussion and Decision

Pamela argues that the trial court erred in deviating from the 50/50 presumption in favor of Rick. Further, Pamela contends that the trial court abused its discretion in failing to consider evidence that supports rebutting the presumption of equal division in her favor. In particular, Pamela alleges that she presented evidence of three of the five factors set forth in Indiana Code § 31–15–7–5 to support her claim that the unequal division should have been made in her favor, not in Rick's favor.

■■■ The trial court's discretion in the disposition of marital property is subject to the statutory presumption for equal distribution. *Newby v. Newby,* 734 N.E.2d 663, 668 (Ind.Ct.App.2000). The presumption that an equal division of marital property would be just and reasonable may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

(1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.

(2) The extent to which the property was acquired by each spouse:

(A) before the marriage; or

(B) through inheritance or gift.

(3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

(A) a final division of property; and

(B) a final determination of the property rights of the parties.

Ind.Code § 31–15–7–5. The statutory presumption must be followed absent evidence that an equal division would not be just and reasonable. *Newby,* 734 N.E.2d at 669. The party challenging the trial court's property division must overcome a strong presumption that the trial court complied with the statute and considered evidence of the statutory factors. *Id.* We note that while the statute provides that marital property shall be divided "in a just and reasonable manner," the term "just" invokes a concept of fairness and of not doing wrong to either party; however, "just and reasonable" does not necessarily mean equal or relatively equal. *Swinney v. Swinney,* 419 N.E.2d 996, 998 (Ind.Ct. App.1981), *trans. denied.*

■■ Pamela argues that the trial court abused its discretion by awarding more than 50% of the marital estate to Rick absent evidence of the factors set forth in Indiana Code § 31–15–7–5. In particular, Pamela alleges that "[t]he record in this case [is] devoid of any relevant evidence, including evidence concerning the factors set out in I.C. 31–15–7–5, that would rebut the presumption of equal division of assets in favor of Rick." Appellant's Br. P. 9. We disagree.

The trial court, at the close of the hearing, informed the parties:

> Now a court should consider the assets that the parties had before the marriage, that's in the statute, so if a party has property that they've had before the marriage, to the extent practical, they can kind of maybe get that back.... I'm going to consider what people had before the marriage and set that off to them, but any appreciation in any assets [has] to be divided equally between the parties.

Tr. P. 79, 81. Such a statement by the trial court reflects that it did indeed consider the statutory factors when it divided the marital assets between Rick and Pamela. Additionally, the trial court sets forth in its Dissolution Decree that it set over the pre-marriage equity or value of the assets in existence at the time Rick and Pamela married according to which spouse brought the particular asset to the marriage. Thus, Pamela's attack on the property division on this basis must fail.

Moreover, our court has previously established that where assets were acquired prior to marriage, the trial court may achieve a just and reasonable property division by determining the appreciation over the course of the marriage of such assets and dividing the appreciation between the spouses, while setting over to the appropriate spouse the pre-marriage value of the assets at issue. *Newby*, 734 N.E.2d at 669. This is exactly the course of action that the trial court took in dividing the marital estate. Thus, we find that the trial court did not err in following such a method.

Further, Pamela contends that the evidence militates an unequal division should have been made in her favor. In support of her contention that she, and not Rick, should have been given a larger share of the marital assets, Pamela maintains:

> [a]n unequal division of marital property is justified where a party can demonstrate that certain marital property was acquired by one spouse prior to the marriage, that the other spouse made no contribution toward the acquisition of the property or the accumulation of the property, and the funds were never commingled with joint marital assets. [*See* ] *Scott v. Scott,* 668 N.E.2d 691, 709 (Ind. Ct.App.1996)[, *trans. denied* ]; *Keller v. Keller,* 639 N.E.2d 372, 375 (Ind.Ct.App. 1994); *Castaneda v. Castaneda,* 615 N.E.2d 467 (Ind.Ct.App.1993) *Shumaker* [*v. Shumaker,* 559 N.E.2d 315, 318–19].

Appellant's Br. P. 11. Specifically, Pamela asserts that because she came into the marriage with three investment accounts, all of which were funded prior to her marriage to Rick, and because her lesser earning ability, her medical condition, and the need to save for future medical treatment resulted in her economic circumstances being inferior to Rick's economic circumstances, the trial court should have made the unequal division in her favor.

In making this argument, Pamela relies heavily on the circumstances of her personal injuries received in a car accident before the marriage. In 1985, 11 years before marrying Rick, Pamela was involved in a serious automobile accident that resulted in whiplash and the offsetting of her spine by 50%. As a result of the personal injuries Pamela sustained, she received a lump-sum settlement payment. Thereafter, she opened some investment accounts in which she placed all of the proceeds from the settlement. Pamela has left the funds untouched since opening the accounts. The two funds, Fortis and American, appreciated $11,386.65 over the course of Rick and Pamela's four-year marriage.

Pamela explained to the trial court that she left the funds untouched in an effort to accelerate their growth "because if I have surgery[,] the surgery will probably be a hundred and fifty to two hundred thousand dollars and that won't even be close to paying the bill." Tr. P. 51. Additionally, Pamela testified that both funds were hers before the marriage, neither she nor Rick contributed marital assets to either of the funds, her intent was to use the funds solely to provide for her future medical needs arising out of her back injury, and at all times both funds were titled in her name alone. Rick does not contest any of this testimony.

While we acknowledge that Pamela has a strong presumption to overcome, we conclude that she presents facts sufficient to support her assertion that the trial court abused its discretion in using the appreciation of the Fortis and American Funds to counterbalance the amount of property set over to Rick, which resulted in Rick sharing equally in the appreciation of those funds.

The underlying purpose of Indiana Code § 31–15–7–5 is to promote a just and reasonable distribution of marital assets upon the dissolution of a marriage. The character and sequestration of the personal injury settlement funds at issue present unique circumstances which clearly fall within the criteria set forth in Indiana Code § 31–15–7–5. Because Pamela acquired the funds 11 years before entering into her four-year marriage to Rick, never commingled the funds with any other assets, earmarked the funds specifically for the provision of future medical expenses arising out of her back injury, never contributed any marital assets to the accounts, and maintained the funds solely in her name, we find that using the appreciation of the Fortis and American Funds to counterbalance the property set over to

Rick, thereby effectively splitting the appreciation in both funds between Rick and Pamela equally, lead to an unjust and unreasonable result. Rather, we conclude that in order to achieve a just and reasonable result the Fortis and American Funds and their appreciation should be awarded exclusively to Pamela and should not be used to reduce the amount of marital property to which she is otherwise entitled.

■ However, we note that the trial court did not err in using the appreciation of the AIM Fund, an account containing funds rolled-over from a retirement plan from her previous employer, to counterbalance the assets received by Rick in calculating the property division. In other words, it was proper for the trial court to split the appreciation of the AIM Fund equally between Rick and Pamela. Unlike the unique circumstances surrounding the personal injury settlement funds, where the sole purpose of the funds was to provide for future medical expenses arising from her back injury, there are no similar compelling reasons to exclude the appreciation of the AIM Fund in counterbalancing the amount awarded to Rick. Thus, we conclude that the trial court divided the appreciation in the AIM Fund between Rick and Pamela in a just and reasonable manner.

Reversed and remanded for a recalculation of the marital property division in accordance with this opinion.

DARDEN, J., and MATHIAS, J., concur.