

FILED

Sep 28 2018, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEY FOR APPELLEE

Leanna Weissmann
Lawrenceburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jamie Lynn Gish,<br>*Appellant-Respondent,*<br><br>v.<br><br>Patrick Michael Gish,<br>*Appellee-Petitioner.* | September 28, 2018<br><br>Court of Appeals Case No.<br>15A05-1711-DR-2628<br><br>Appeal from the Dearborn Circuit Court<br><br>The Honorable James D. Humphrey, Judge<br><br>Trial Court Cause No.<br>15C01-1605-DR-81 |

**Pyle, Judge.**

## Statement of the Case

[1] The trial court dissolved the marriage of Jamie Gish ("Wife") and Patrick Gish ("Husband") and divided their assets. When dividing the property, the trial court awarded Husband the entirety of what is now known as the Hilliard Lyons retirement account ("the Hilliard Lyons account"). Husband had funded this account with a $15,000 deposit in 1987, two years before the parties'

marriage. During the course of the parties' twenty-six-year marriage, although no additional contributions were made to the Hilliard Lyons account, the account grew to $206,950, all of which the trial court awarded to Husband. Wife now appeals and argues that the trial court abused its discretion when it awarded the entire Hilliard Lyons account to Husband.

[2] Finding that the trial court abused its discretion when it concluded that Husband had rebutted the presumption that an equal division of marital property was just and reasonable and awarded the entire Hilliard Lyons account to Husband, we reverse and remand with instructions for the trial court to equally divide between the parties the interest on the Hilliard Lyons account that accrued during the course of the parties' marriage.

[3] We reverse and remand with instructions.

## Issue

Whether the trial court abused its discretion when it concluded that Husband had rebutted the presumption that an equal division of property was just and reasonable and awarded the entire Hilliard Lyons account to Husband.

## Facts

[4] Husband received an engineering degree from Rose Hulman Institute of Technology in 1982 and has worked primarily in the aviation industry since that time. In 1987, Husband opened the Hilliard Lyons account in his name and deposited $15,000 in it, intending to let the money grow until his

retirement.  In 1989, Husband married Wife, who had received an associate's degree in cosmetology in 1985 and who worked as a hair stylist.  The parties had two children who were born in February 1991 and May 1996.

[5]  In May 2016, Husband filed a petition to dissolve his twenty-six-year marriage to Wife.  At the dissolution hearing, Husband testified that his yearly salary was "slightly over a hundred thousand dollars per year . . . ."  (Tr. at 11).  Husband further testified that the Hilliard Lyons account was a deferred tax annuity and that he had not made any additional contributions to the account after he had opened it.  Husband agreed that the growth in the account was "an example of the wonders of compounding [interest]."  (Tr. 26).   He also agreed that "through the twenty-some years of marriage, [it] was the intent that [the Hilliard Lyons account] be used for [he] and [his] wife for retirement [and that] if [his] wife was still around, yes, it would be used for her, too."  (Tr. 60).  However, Husband requested that this account "be set over to [him] without [Wife] receiving any credit or set off."  (Tr. 27).

[6]  Wife testified that she is a self-employed hair stylist with "a one chair, one sink, one dryer salon" and that she could "only see one client, sometimes a second, at a time."  (Tr. 78).  Wife's salon is located in a trailer that she rents, and Wife does "not have a walk-in business.  [She's] just established with . . . referrals and regular clientele."  (Tr. 79).  When asked if she "was capable of making fifteen thousand [dollars], a little more, a year," Wife explained that "with [her] age and [her] health, [she'd] had some issues."  (Tr. 79).  Wife further explained that she was "looking at" eight hundred dollars per month out of pocket for her

health insurance. (Tr. 80). Wife also testified that although Husband had "controlled the money" during the course of the marriage, she had known that he had retirement investments. (Tr. 87). She asked the trial court to award her one half of the "interest income and investment increase that occurred during the marriage on [the Hilliard Lyons account]." (Tr. 87).

[7] After the hearing, the trial court issued an order that provides, in relevant part, as follows:

> 6. Pursuant to I.C. 31-15-7-4, the [Hilliard Lyons account is a] marital asset[] subject to division by this Court. However, the equal division starting point set forth in I.C. 31-15-7-5 may be rebutted by evidence that an equal division would not be just and reasonable due to the following factors applicable to this case: (1) the contribution of each spouse to the acquisition of the property; and (2) the extent to which the property was acquired by each spouse before the marriage or through inheritance or gift. Regarding [the Hilliard Lyons account], it should be set over to [Husband] without a corresponding credit given to [Wife] because only [Husband] contributed to its acquisition, he acquired it prior to the marriage and during the marriage, no contributions were made by either party to it or expense by either party for it. . . . Based on the above, [Husband] ha[s] rebutted the presumption that an equal division of their marital property is just and reasonable.

(App. 52).[1]  The trial court equally divided the remainder of the parties' property.  According to the trial court's order, Husband received a net value distribution of $199,730, and Wife received a net value distribution of $199,731.  Wife now appeals.

# Decision

[8]  At the outset we note that the trial court properly concluded that the Hilliard Lyons account was a marital asset.  In *Montgomery v. Faust*, 910 N.E.2d 234, 238 (Ind. Ct. App. 2009), this Court explained that the "requirement that all marital assets be placed in the marital pot is meant to insure that the trial court first determines the value before endeavoring to divide the property."  Here, however, the trial court "set over" the Hilliard Lyons account to Husband and improperly failed to include its value in the marital pot.  Thus, although the trial court's order indicates that it equally distributed the marital assets, when the value of the Hilliard Lyons account is factored back in, the resulting division is 67% of the estate to Husband and 33% of the estate to Wife.  *See Doyle v. Doyle*, 756 N.E.2d 576, 578 (Ind. Ct. App. 2001) (explaining that "[a]lthough the trial court's Order indicate[d] that it divided the marital estate on a 50/50 basis, in reality, the resulting division when the premarriage value of

---

[1] The trial court set aside to Wife real estate having a value of $2,000 and a one-half interest in three accounts having a total value of $1,850.  Wife's mother had transferred the real estate and accounts to Wife for estate planning purposes.  Husband does not challenge the trial court's distribution of this property.

assets [was] factored in [was] 56.7/43.3 in favor of [the husband"). It is with this resulting division in mind that we turn to the issue in this case.[2]

[9] Wife argues that the trial court abused its discretion when it awarded the entire Hilliard Lyons account to Husband. Specifically, Wife contends that the trial court abused its discretion when it concluded that Husband had rebutted the presumption that an equal division of marital property is just and reasonable.

[10] The disposition of marital assets is within the sound discretion of the trial court. *Hatten v. Hatten*, 825 N.E.2d 791, 794 (Ind. Ct. App. 2005), *trans. denied*. When we review a claim that the trial court improperly divided marital property, we must determine whether the trial court's decision constitutes an abuse of discretion. *Id.* In so doing, we consider only the evidence most favorable to the trial court's disposition of the property, without reweighing or assessing the credibility of witnesses. *Id.* An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law or disregards evidence of factors listed in the controlling statute. *Id.*

[11] By statute, the trial court must divide the property of the parties in a just and reasonable manner, including the property owned by either spouse prior to the marriage, acquired by either spouse after the marriage and prior to final

---

[2] The trial court recognized this unequal distribution of property when it concluded in its order that Husband had rebutted the presumption that an equal division of property was just and reasonable.

separation of the parties, or acquired by their joint efforts. IND. CODE § 31-15-7-4. An equal division of marital property is presumed to be just and reasonable. IND. CODE § 31-15-7-5. This presumption may be rebutted by a party who presents relevant evidence, including evidence concerning the following factors, that an equal division would not be just and reasonable:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
> > (A) before the marriage; or
> >
> > (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
>
> (5) The earnings or earning ability of the parties as related to:
>
> > (A) a final division of property; and
> >
> > (B) final determination of the property rights of the parties.

*Id*.

[12] All of these factors are to be considered together, with no one factor alone necessarily proving or requiring an unequal division. *In re Marriage of Marek*, 47

N.E.3d 1283, 1290-91 (Ind. Ct. App. 2016) (citing *Fobar v. Vonderahe*, 771 N.E.2d 57, 59-60 (Ind. 2002) (explaining that the trial court's distribution is to be considered as a whole, not item by item and therefore, "[e]ven if some items meet the statutory criteria that may support an unequal division of the overall pot, the law does not require an unequal division if overall considerations render the total resolution just and equitable."). Further, the mere fact of traceability of assets should not be the basis for deviation from the presumptive equal division. *Hatten*, 825 N.E.2d at 796.

[13] Here, our review of the trial court's order reveals that the trial court considered only two factors set forth in INDIANA CODE § 31-15-7-5, the statute governing the division of marital property. Specifically, the trial court considered that Husband had contributed to the acquisition of the Hilliard Lyons account and that he had acquired it prior to the marriage. However, the trial court disregarded evidence of additional factors set forth in the controlling statute.

[14] For example, one of the statutory factors is the earning ability of the parties as related to a final division of the property. Our review of the testimony at the dissolution hearing reveals that the trial court disregarded evidence that Husband has the ability to earn four times the yearly salary than Wife has the ability to earn. Further, Wife's ability to earn is restricted by her "one chair, one sink, one dryer salon," and, in light of Wife's age and health, it appears unlikely that her earning ability will increase in the future. (Tr. 79). In addition, another of the statutory factors is the economic circumstances of each spouse at the time the disposition of the property is to become effective. The

trial court disregarded evidence that despite the vast difference in the parties' earning abilities, Husband was receiving 67% of the marital estate and Wife was only receiving 33% of the estate.

[15] We further note that although Husband established the Hilliard Lyons account two years before the marriage, most of the appreciation occurred during the parties' twenty-six-year marriage. Further, Wife knew that Husband had retirement investments, and Husband had intended to use funds in the Hilliard Lyons account for Wife's retirement as well as his own.

[16] Our review of this evidence leads us to conclude that the trial court abused its discretion when it concluded that Husband had rebutted the presumption that an equal division of the parties' property was just and reasonable and when it awarded the entire Hilliard Lyons account to Husband. We reverse the trial court's property division as to the Hilliard Lyons account and remand with instructions for the trial court to equally divide between the parties the interest on the Hilliard Lyons account that accrued during the course of the parties' marriage.[3]

---

[3] Husband's reliance on *Doyle*, 756 N.E.2d at 578, is misplaced. In *Doyle*, the wife came into the marriage with $14,000 in funds she had received to compensate her for injuries she had sustained in a serious automobile accident that had occurred eleven years before the 1996 marriage. During the course of the four-year marriage, the invested $14,000 appreciated by $11,400. When the parties divorced, the trial court divided the property such that the husband shared equally in the appreciation of the funds. On appeal, this Court pointed out that the wife had: (1) acquired the funds eleven years before entering into the four-year marriage; (2) never commingled the funds with any other assets; (3) earmarked the funds specifically for the provision of future medical expenses arising out of her back injury; (4) never contributed any marital assets to the accounts; and (5) maintained the funds solely in her name. We noted the "unique circumstances surrounding the personal injury settlement funds, where the sole purpose of the funds was to provide for

Reversed and remanded with instructions.

Vaidik, C.J., and Barnes, Sr.J., concur.

---

future medical expenses arising from the wife's serious injuries. *Id.* Based on these facts, we concluded that "effectively splitting the appreciation in [the] funds between [the husband and the wife] equally, would lead to an unjust and unreasonable result." *Id.* at 580. Therefore, to achieve a just and reasonable result, we ordered the trial court to award the funds and their appreciation exclusively to the wife and to not use them to reduce the amount of marital property to which she was otherwise entitled. *Id.* The facts before us are distinguishable from those in *Doyle* in two important respects. First, Husband established the Hilliard Lyons account just two years before the almost thirty-year marriage. Second, Husband established the account as a retirement account that he fully expected to share with Wife in their later years. Because of these distinctions, *Doyle* does not compel the award of the Hillary Lyons account exclusively to Husband.