

FILED

Feb 12 2024, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alexander N. Moseley
Dixon & Moseley, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Elizabeth Eichholtz Walker
Becker Bouwkamp Walker, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lela Jo Boucher,<br>*Appellant-Respondent,*<br><br>v.<br><br>Dennis J. Doyle,<br>*Appellee-Petitioner.* | February 12, 2024<br><br>Court of Appeals Case No.<br>23A-DN-1534<br><br>Appeal from the Delaware Circuit Court<br><br>The Honorable John Feick, Judge<br><br>Trial Court Cause No.<br>18C04-2112-DN-379 |

**Opinion by Judge Riley**
Judges Crone and Mathias concur.

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Respondent-Cross-Petitioner, Lela Jo Boucher (Wife), appeals the trial court's Order dividing the marital estate in favor of Appellee-Petitioner-Cross-Respondent, Dennis Doyle (Husband).

We affirm.

## ISSUE

Wife presents this court with one issue, which we restate as: Whether the trial court's deviation from the presumptive equal division of the marital estate was clearly erroneous.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife wed on January 21, 2017. On the date of their marriage, Husband owned four bank accounts at Indiana Member's Credit Union, stock in Southern Company, a timeshare in Tennessee, funds which were ultimately rolled into two Edward Jones IRAs, a retirement savings account at Fidelity, and certain personal property. On the date of their marriage, Wife owned the home that the parties shared during the marriage, an Edward Jones IRA, and certain personal property.

Husband has a high school diploma and some technical school training. Husband worked as a fleet and facility supervisor for thirty-six years at the same location under several different employers. Husband began working for Citizens Energy Group in 2016, and by the time of the final hearing was

making $85,000 per year. Wife holds a bachelor's and a master's degree in health science. In 1997, Wife began working in the home health care field. Prior to the parties' marriage, Wife had been able to pay all her own expenses through her income. For the first eighteen months of the marriage, Wife worked for an in-home health care company making $59,000 per year. In June of 2018, Wife voluntarily left her employment. From June 2018 to the date of separation, Husband paid all the parties' expenses. After Wife left her employment, she obtained her real estate license in 2020. Wife sold real estate in 2020 and 2021 but had an actual net loss in income.

[6] On December 8, 2021, Husband filed a petition for dissolution of marriage, and on January 13, 2022, Wife filed a cross-petition which she amended once. On April 5, 2022, the trial court ordered the parties to participate in mediation, which was ultimately unsuccessful.

[7] On April 21, 2023, the trial court held the final hearing. Wife was sixty-five years old as of the final hearing. As to her retirement account, Wife related that in 2017 she had rolled over approximately $150,000 in funds into her Edward Jones IRA. Wife testified that in 2022, she netted $12,000 from her real estate dealings but that she did not expect her income to increase because the real estate market in the area was low in stock and did not show any signs of improving. During the marriage and the pendency of the dissolution proceedings, Wife had not sought out any additional employment to supplement her earnings from her real estate dealings. Wife had hopes of using her real estate license to obtain employment managing real estate properties.

Wife requested a 50/50 split of the marital estate. Husband testified that at the time of marriage, the approximate value of his bank and retirement accounts was $500,000. Husband essentially requested that each party be awarded the property and investments brought into the marriage, which would result in him receiving 62% of the marital estate, while Wife would receive 38%.

[8] On April 26, 2023, the trial court entered a summary decree of dissolution of marriage. On June 8, 2023, the trial court entered its Decree of Dissolution dividing the parties' marital estate. The trial court entered the following relevant findings of fact and conclusions thereon:

> 24. Because of the short-term nature of the marriage and the extent to which property was acquired by each spouse before the marriage, Husband has rebutted the presumption that an equal division of the marital estate is just and reasonable.
>
> * * * *
>
> 26. Husband came into the marriage with the majority of the marital estate and 100% of the assets he now asks this court to award him. More specifically, Husband came into the marriage with the following funds and assets which have remained in his individual name for the duration of the parties' relationship:
>
> > a. IMCU *3801-001, *3801-0010, *3801-0030, *3801-0106,
> >
> > b. Southern Co. Stock;
> >
> > c. Tennessee Timeshare;
> >
> > d. Edward Jones *7017 IRA and *7103 IRA; and
> >
> > e. Fidelity Citizens Energy Group.

27. The combined value of two (2) of Husband's premarital retirement account assets (See Edward Jones *7017 IRA and *7103 IRA following rollovers from his accounts Suez and Citizens Energy Group in 2017) exceed $636,000 on the date of filing of this action. Neither of which were contributed to during the course of the parties' marriage.

28. Wife's earning capacity with a [b]achelor's [d]egree plus hours toward her [m]aster's [d]egree and real estate license is potentially far more than that of Husband, who only holds a high school diploma; therefore, her economic circumstances and earning ability can be superior to those of Husband.

29. Husband has been employed by Citizens Energy Group for 36 years. Wife left her employment in June of 2018. At the time, she earned approximately $59,000 working at an in-home health care company. Husband financially supported the household from June of 2018 until December 8, 2021, including making all mortgage, insurance, property tax, utilities payments on the Marital Residence. In addition, Husband made improvements to the Marital Residence, both financial and nonfinancial. Husband has made all automobile loan payments on the Toyota Rav4. Husband has proposed Wife keep both the Marital Residence and the Toyota Rav4.

30. Wife obtained her real estate license during the marriage. Husband paid for Wife to obtain her real estate license as well as the start-up expenses for her real estate agency. Wife is currently underemployed and is looking to obtain employment as a property manager post-decree. Wife made no employment efforts during the 16 months this cause of action was pending. No reason was provided by Wife despite acknowledging she needed to change careers.

(Appellant's App. Vol. II, pp. 19-20) (record citations omitted).  The trial court found that it had "considered all marital property and weighed all factors provided for in Indiana Code Section 31-15-7-5" and that Husband had rebutted the presumption of an equal division of the marital estate.  (Appellant's App. Vol. II, p. 20).  The trial court awarded each party the assets, retirement accounts, and real property each had owned before the marriage and divided the parties' other property, resulting in Huband receiving 62% of the marital estate and Wife receiving 38%.

Wife now appeals.  Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

I. *Standard of Review*

Wife challenges the division of the marital estate following the trial court's sua sponte entry of findings of fact and conclusions of law.[1]  We review a trial court's sua sponte findings and conclusions under a two-tiered standard of review to determine whether the evidence supports the findings and whether the findings support the judgment.  *Kakollu v. Vadlamudi*, 175 N.E.3d 287, 295 (Ind. Ct. App. 2021) (citing *Steele-Giri v. Steele*, 51 N.E.3d 119, 123 (Ind. 2016)), *trans. denied*.  We will not set aside the trial court's findings or its judgment unless it is clearly erroneous, giving due regard to the trial court's opportunity to judge

---

[1] Neither party requested Indiana Trial Rule 52 findings of fact and conclusions thereon.  Although the trial court permitted the parties to submit proposed decrees, the chronological case summary does not reflect that any were filed.

witness credibility. *Id*. Findings of fact are only clearly erroneous where the record lacks any evidence or reasonable inferences to support them. *Wyzard v. Wyzard*, 771 N.E.2d 754, 756-57 (Ind. Ct. App. 2002). When determining whether a finding or judgment is clearly erroneous, we consider only the evidence most favorable to the judgment, along with all reasonable inferences therefrom, neither reweighing the evidence nor assessing witness credibility. *Id*. at 757. Issues not covered by the findings are reviewed under the general judgment standard, which means that, as a reviewing court, we should affirm based on any legal theory that is supported by the evidence. *Kakollu*, 175 N.E.3d at 295.

[11] We review a trial court's division of marital assets and debts for an abuse of its discretion, which only occurs if its decision is clearly against the logic and effect of the facts and or reasonable inferences, if its misapplies the law, or if it overlooks evidence of applicable statutory factors. *Ivankovic v. Ivankovic*, 205 N.E.3d 1061, 1064 (Ind. Ct. App. 2023). The appellant "bears the burden of overcoming a strong presumption that the trial court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal." *Crider v. Crider*, 26 N.E.3d 1045, 1047 (Ind. Ct. App. 2015) (internal quote omitted). To succeed on appeal, it is not enough for the appellant to demonstrate that the evidence might support some other conclusion; rather, the appellant must show that the evidence positively requires the desired conclusion. *Kirk v. Kirk*, 770 N.E.2d 304, 307 (Ind. 2002).

II. *Division of the Marital Estate*

[12]     Wife contends that the trial court's unequal division of the marital estate is clearly erroneous. In Indiana, a presumption exists that an equal division of the marital estate is "just and reasonable." Ind. Code § 31-15-7-5. However, the presumption may be rebutted through "relevant evidence[,]" including evidence of the following factors:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
>> (A) before the marriage; or
>>
>> (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective . . . .
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
>
> (5) The earnings or earning ability of the parties as related to:
>
>> (A) a final division of property; and
>>
>> (B) a final determination of the property rights of the parties.

*Id*. The list of statutory factors is non-exclusive, but when dividing the marital estate, a trial court must consider all the relevant factors. *Id*.; *Smith v. Smith*, 136 N.E.3d 275, 282 (Ind. Ct. App. 2019). All of the factors are to be considered together, and no single factor is dispositive. *In re Marriage of Marek*,

47 N.E.3d 1283, 1290-21 (Ind. Ct. App. 2016), *trans. denied*.  Our supreme court

has recently clarified that

> [s]o long as it expressly considers all assets and liabilities, and so
> long as it offers sufficient findings to rebut the presumptive equal
> division, a trial court need not follow a rigid, technical formula in
> dividing the marital estate and we will assume that it applied the
> law correctly.

*Roetter v. Roetter*, 182 N.E.3d 221, 229 (Ind. 2022).

[13]     Here, the trial court found that it had "considered all marital property and

weighed all factors provided for in Indiana Code section 31-15-7-5[.]"

(Appellant's App. Vol. II, p. 20).  In addition, it found that the parties' less than

five-year marriage was of short duration, Husband brought the majority of the

assets into the marriage, during the marriage neither party had contributed to

the major marital asset–Husband's Edward Jones IRAs–, and that Wife had

substantial earning capability.  Thus, the trial court entered specific findings and

conclusions on the statutory factors of the contributions of the parties, the

premarital nature of the parties' assets, and the earning capabilities of the

parties.[2]  Once the trial court considered all the statutory factors, it was not

required to enter findings and conclusions regarding each factor.  *See Israel v.*

---

[2] The trial court also detailed the history of various motions filed by Husband seeking compliance with discovery requests and documentation requirements provided for in the provisional orders, found that Husband had incurred additional attorney's fees, and noted that it had "considered [H]usband's excess payment of attorney fees in the division of the property." (Appellant's App. Vol. II, p. 25).  Neither party mentioned these findings on appeal, so we exclude them from our analysis.

*Israel*, 189 N.E.3d 170, 176 (Ind. Ct. App. 2022) (noting that after considering all the statutory factors, a trial court "is not required to explicitly address all the factors in every case"), *trans. denied*. In addition to the statutory factors, the trial court properly considered the short duration of a marriage, which "may rebut the presumption favoring equal division, especially if one party brought substantially more property into the marriage." *Roetter*, 182 N.E.3d at 227 (citing *Houchens v. Boschert*, 758 N.E.2d 585, 591 (Ind. Ct. App. 2001)).

[14] Despite the evidence, findings, and conclusions supporting the trial court's judgment, Wife argues that "the trial court erred by giving considerable weight to the extent of assets that Husband brought into the marriage, while failing to recognize that Wife also brought a significant amount of assets into the marriage." (Appellant's Br. p. 12). Wife contends that this is illustrated by the fact that the assets she brought into the marriage were valued at $446,000 when the parties separated. However, the trial court necessarily considered the amount and value of Wife's premarital assets when it found that Husband brought the "majority" of the assets into the marriage, a finding that Wife does not specifically dispute, and the value of Wife's assets at the time of marriage, not separation, is the relevant value for purposes of this issue. (Appellant's App. Vol. II, p. 19). We observe that at the time of marriage, Wife's Edward Jones account had a value of approximately $150,000, while Husband brought at least $500,000 into the marriage, and there was no evidence presented at the final hearing regarding the value of Wife's other major premarital asset, the marital home, at the time of marriage. Wife's argument on this point is merely

a request that we reweigh the evidence, which, pursuant to our standard of review, we will not do. *Wyzard*, 771 N.E.2d at 757.

[15] Next, Wife asserts that the trial court failed to consider evidence of the economic circumstances of the parties, a factor which she maintains weighed in her favor, and she contends that the trial court clearly erred when it found that she was in a superior economic position to Husband. However, Wife's argument mischaracterizes the trial court's findings, which emphasized the short duration of the marriage, the premarital nature of the majority of the parties' assets, and their earning capabilities. The trial court found that, given her education, Wife's economic circumstances "*can be* superior to those of Husband[,]" not that they were superior. (Appellant's App. Vol. II, p. 20) (emphasis added). Wife does not argue that this was an improper consideration. In addition, the trial court also expressly found that it had "weighed all factors provided for in Indiana Code section 31-15-7-5[.]" (Appellant's App. Vol. II, p. 20). Having done so, it was not required to enter findings and conclusions regarding the parties' economic circumstances at the time of dissolution. *See Israel*, 189 N.E.3d at 176. In addition to the trial court's express finding that it had considered all the statutory factors, we indulge a strong presumption that the trial court did so and applied the law correctly. *Crider*, 26 N.E.3d at 1047; *Montgomery v. Faust*, 910 N.E.2d 234, 239 (Ind. Ct. App. 2009) ("[W]e presume that the trial court considered these factors."). Wife has failed to overcome this presumption.

[16]    Wife's final contention is that "the trial court's finding that Wife has a higher earning ability than Husband is not supported by the evidence." (Appellant's Br. p. 13). This argument is unpersuasive. The trial court did not find that Wife's earning capability was superior to Husband's; rather, it found that, given her education, it "can be" superior to Husband's, a consideration which Wife does not contend was improper, and it determined that Wife was underemployed. (Appellant's App. Vol. II, p. 20). A trial court may consider a party's work history, occupational qualifications, prevailing job opportunities, and earning levels in the community to find that a party is underemployed for purposes of determining earning capability in a dissolution proceeding. *See Hyde v. Hyde*, 751 N.E.2d 761, 767-78 (Ind. Ct. App. 2001) (applying these factors from the Indiana Child Support Guidelines in evaluating the trial court's determination that a party was underemployed when dividing the marital estate).

[17]    The evidence supporting the trial court's judgment was that Wife is not disabled and that, since no children were born of the marriage, she had not absented herself from the workforce during the marriage for child rearing responsibilities. Wife has a bachelor's and a master's degree in health science, from which it can be inferred that she has earning capability. *See Trost-Steffen v. Steffen*, 772 N.E.2d 500, 507 (Ind. Ct. App. 2002) (inferring from evidence that mother held a master's degree and father held a Ph.D. that both parties were capable of earning), *trans. denied*. Although Wife makes much of Husband's thirty-six-year work history at the same employment, the record reflects that Wife worked

from 1997 to 2018 in the home health care industry and that, prior to the marriage, she made up to $59,000 per year and was able to support herself from her labor in that field. Wife contends that in 2018, she was "forced to switch careers" when her employer closed, but Husband testified that Wife had left voluntarily due to frustration with the work and with the other people who worked there. (Appellant's Br. p. 14). Inasmuch as Husband's testimony supports the trial court's judgment, it is the evidence we will credit. *Wyzard*, 771 N.E.2d at 757. In addition, during the marriage, Wife obtained a real estate license which she planned to use to obtain employment in property management. Although Wife had failed to earn any significant income from her real estate dealings, she had never sought any other form of work to supplement her income.

[18] Given this evidence, we conclude that the trial court's determination that Wife was underemployed was supported by the evidence and, thus, that the trial court's determination on this issue supported the judgment. Wife's reliance on *Gish v. Gish*, 111 N.E.3d 1034, 1038-39 (Ind. Ct. App. 2018), *trans. denied*, wherein another panel of this court held that it was an abuse of the trial court's discretion to award the husband his entire retirement account, resulting in an unequal division of the marital estate, is misplaced. *Gish* is factually distinguishable because the parties were married for twenty-six years, the husband's earning capability was four times greater than the wife's, the wife's earning capability was limited by the solo nature of her hair styling business, and the wife had health issues. *Id.* at 1038. *Gish* is additionally distinguishable

because, despite this evidence, the trial court did not enter any findings and conclusions thereon regarding the earning capability of the parties. *Id.* Here, the trial court did enter findings of fact and conclusions thereon on this statutory factor. Wife's argument on this issue otherwise consists of directing our attention to her version of events and to evidence that does not support the judgment, both of which are contrary to our standard of review. *See Wyzard*, 771 N.E.2d at 757. Accordingly, we do not disturb the trial court's judgment.

## CONCLUSION

[19] Based on the foregoing, we hold that Wife has failed to demonstrate that the trial court's deviation from the presumptive equal split of the marital estate was clearly erroneous.

[20] Affirmed.

[21] Crone, J. and Mathias, J. concur